# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **ISRINGHAUSEN IMPORTS, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  No. 3:16-cv-3160 |
| | ) |
| **UNION PACIFIC RAILROAD CO.,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss or for More Definite Statement (d/e 4) filed by Defendant Union Pacific Railroad Company.  The Motion is GRANTED IN PART and DENIED IN PART.  Plaintiff has sufficiently pleaded a claim for mutual mistake.  Plaintiff's fraud claim is DISMISSED without prejudice and with leave to replead.

## I. BACKGROUND

In April 2016, Plaintiff Isringhausen Imports, Inc. filed a Complaint in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois.  Defendant was served with the

Complaint on May 9, 2016. On June 8, 2016, Defendant timely filed a Notice of Removal (d/e 1). Plaintiff did not object to removal. See Pl.'s Consent to Removal (d/e 6).

The following facts come from Plaintiff's Complaint and are accepted as true at the motion to dismiss stage. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

Plaintiff operates a business at 229 East Jefferson, Springfield, Illinois. Defendant operates a railroad along Third Street in Springfield.

On March 11, 2004, the parties entered into a lease of a 7,500 square foot parcel of Third Street between Washington and Jefferson Streets, adjacent to Plaintiff's facility. Compl. ¶ 3. The purpose of the lease was to allow Plaintiff to park vehicles on the parcel and use the parcel for ingress and egress to Plaintiff's facility.

When the lease was entered, Defendant asserted it owned the parcel or otherwise had the exclusive right to possession of the parcel. Consequently, Defendant required Plaintiff to pay rent to use the parcel. The initial rent under the lease was $750 per month. Between March 11, 2004 and September 30, 2015,

Plaintiff paid rent to the Defendant in increasing monthly amounts, totaling $123,116 in rent during that time.

On September 15, 2015, Defendant sent Plaintiff a proposed new lease agreement for $1,385 per month.  In October 2015, Plaintiff learned that Defendant did not own or otherwise have the exclusive right to possession of the parcel and had no right to charge Plaintiff rent.  Specifically, Plaintiff investigated the original 1851 City of Springfield grant of right of way to the railroad and learned that the right of way excluded a strip of land 10 feet wide on each side of Third Street.  In addition, subsequent ordinances first passed in 1865 provided that all railroads making use of the streets in the City of Springfield were required to leave open and unobstructed for public access those parts of the street on either side of the railroad tracks.  Plaintiff contacted Defendant with this information, but Defendant has been unwilling to reimburse Plaintiff for the rent previously paid.

Plaintiff asserts that the lease is voidable because of the parties' mutual mistake that Defendant owned or otherwise had the right to exclusive possession of the parcel and was entitled to rent for Plaintiff's use of the parcel.  Alternatively, Plaintiff alleges

that, if Defendant was not mistaken, the lease is voidable because Defendant fraudulently induced Plaintiff to pay rent. Plaintiff alleges that Defendant falsely represented it owned or otherwise had the right to exclusive possession of the parcel and was entitled to rent for Plaintiff's use of the parcel, knew such representation was false, that such representation was intended to induce and did induce Plaintiff to pay rent, and that Plaintiff was damaged by paying rent to Defendant that Defendant was not entitled to receive. Compl. ¶ 12. Plaintiff seeks judgment against Defendant in the amount of $123,116 plus interest.

On June 8, 2016, Defendant filed its Motion to Dismiss or for More Definite Statement.

## II. JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Specifically, complete diversity exists between the parties. Plaintiff is an Illinois corporation with its principal place of business in Springfield, Illinois. Compl. ¶ 1. Defendant is incorporated under the laws of the State of Delaware and has its principal place of business in Omaha, Nebraska. Notice of Removal ¶ 2(b). In addition, the amount in controversy exceeds

$75,000 exclusive of interest and costs.  In the Complaint, Plaintiff seeks the amount of rent payments at issue, which totals $123,116.  Compl. ¶ 7, Prayer for Relief.

Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district or a substantial part of the property that is the subject of the action is situated in this district.  28 U.S.C. § 1391(b)(2).  Moreover, removal to this Court was proper because it is "the district and division embracing the place" where the state court action was pending.  28 U.S.C. § 1441(a).

### III. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint.  <u>Bonnstetter v. City of Chi.</u>, 811 F.3d 969, 973 (7th Cir. 2016).  To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing that the plaintiff is entitled to relief and giving the defendant fair notice of the claims. <u>Tamayo</u>, 526 F.3d at 1081.

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and

construing all reasonable inferences in plaintiff's favor.  Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action.  Id.

A heightened pleading standard applies to allegations of fraud and mistake.  Under Rule 9(b) of the Rules of Civil Procedure, a party alleging fraud or mistake must "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b). That is, the party "must describe the who, what, when, where, and how of the fraud[.]"  United States v. Acacia Mental Health Clinic, LLC, --- F. 3d ----, 2016 WL 4555648, at *4 (7th Cir. Sept. 1, 2016) (citations and quotations omitted).

## IV. ANALYSIS

Defendant argues that Plaintiff fails to allege any facts to support Plaintiff's conclusory allegations.  Defendant further

argues that Plaintiff's Complaint, which alleges mutual mistake and fraudulent inducement, does not comply with Federal Rule of Civil Procedure 9(b), which requires that a party state with particularity the circumstances constituting fraud or mistake.

Under Illinois law, which the parties appear to agree applies in this case, a mutual mistake of fact may make a contract voidable. Jordan v. Knafel, 378 Ill. App. 3d 219, 234 (2007). Specifically, "if a mistake by both parties 'as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances, the contract is voidable by the adversely affected party unless he bears the risk of the mistake.'" Id. (quoting Restatement (Second) of Contracts, § 152, at 385 (1981)). The mistake must relate to a past or present fact material to the contract. United City of Yorkville v. Village of Sugar Grove, 376 Ill. App. 3d 9, 23-24 (also noting that predictions do not qualify as present facts).

To state a claim for fraud, Plaintiff must plead (1) a false statement of material fact; (2) known or believed to be false by Defendant; (3) made to induce Plaintiff to act; (4) that Plaintiff acted on the statement in reasonable reliance on the truth of the

representation; and (5) damages.  See 23-25 Bld. P'ship v. Testa Produce, Inc., 381 Ill. App. 3d 751, 758 (2008); Krilich v . Am. Nat'l Bank & Trust Co. of Chi., 334 Ill. App. 3d 563, 570 (2002).

As noted above, Rule 9(b) requires fraud and mistake be pleaded with particularity.  That means that Plaintiff must "state with particularity the circumstances constituting fraud or mistake," which includes stating "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."  United States ex rel. Hanna v. City of Chi., --- F. 3d ---, 2016 WL 4434559, at * 3 (7th Cir. Aug. 22, 2016) (internal quotation marks and citations omitted).

Plaintiff fails to adequately plead fraud as required by Rule 9. Paragraph 12, which contains the majority of Plaintiff's fraud claim, only recites the elements of a cause of action, which is insufficient to state a claim.  See Iqbal, 556 U.S. at 678.  Plaintiff does not allege how the alleged false statement was communicated, by whom it was communicated, or the time, place, or method of the communication to Plaintiff.  See Rocha v. Rudd, 826 F.3d 905,

911 (7th Cir. 2016) (finding fraud claim properly dismissed where the plaintiff failed to provide "the specific names, dates, times or content of the misrepresentations that give rise to the alleged fraud").

Plaintiff does, however, allege with sufficient particularity the circumstances constituting the purported mutual mistake.  See G.T. Laboratories, Inc. v. Cooper Cos., Inc., No. 92 C 6647, 1994 WL 274982, at *2 (N.D. Ill. June 17, 1994) (noting that the plaintiff must plead with particularity the circumstances constituting the mistake and finding that the plaintiff did so by alleging the time period when the mistake was allegedly made and the names of the persons who made the agreement and the mistake); but see also Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 683 (7th Cir. 1992) (questioning the particularized pleading requirement for mistake claims).  Plaintiff identifies the parties, the property at issue, the lease, the relevant lease terms, and the purported mutual mistake, namely that Defendant owned the property in question.  Plaintiff alleges that Plaintiff only recently learned that Defendant purportedly did not own the property in question when the lease was executed.  The Court can reasonably infer from the

allegations that Defendant likewise was not aware that Defendant did not own the property in question when the lease was entered. Plaintiff has plausibly set forth a mutual-mistake-of-fact claim with sufficient particularity. See, e.g., Cogniplex, Inc. v. Ross, No. 00 C 7463, 00 C 7933, 2001 WL 436210, at *6 (N.D. Ill. Apr. 27, 2001) (finding claim of mutual mistake of fact alleged where the plaintiff alleged the parties mistakenly believed that the plaintiff had an ownership interest in certain documents although he did not have an ownership interest and also finding that whether the plaintiff exercised due care was not suitable for review on a motion to dismiss); Jordan, 378 Ill. App. 3d at 234-35 (involving alleged mutual mistake of fact pertaining to paternity, affirming summary judgment, and finding the plaintiff "had no duty to attempt independent verification of the information especially where, here, ascertainment of the true fact was more readily available" to the defendant than to the plaintiff).

Defendant also argues that, in Illinois, a tenant is estopped from questioning the title of his landlord. Def. Mot. at 5 (citing Doty v. Burdick, 83 Ill. 473, 477 (1876) and Tedens v. State, 1 Ill. Ct. Cl. 258 (1902)). However, even if that proposition applied in

this case, courts have recognized an exception where the tenant has been induced by fraud, artifice, or mistake to accept the lease. See Carter v. Marshall, 72 Ill. 609, 611 (1874); Freeman Coal Mining Corp. v. Burton, 388 Ill. 604, 613 (1944) (citing Carter).

## V. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss or For More Definite Statement (d/e 4) is GRANTED IN PART and DENIED IN PART.  Plaintiff has sufficiently pleaded a claim for mutual mistake.  Plaintiff's fraud claim is DISMISSED without prejudice and with leave to replead.  Plaintiff shall file an Amended Complaint, if any, on or before October 7, 2016.

ENTER: September 20, 2016

FOR THE COURT:

     s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE