UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ISRINGHAUSEN IMPORTS, INC.,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

    Defendant.

NO. 3:16-cv-3160

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff ISRINGHAUSEN IMPORTS, INC., an Illinois corporation, by its attorneys, Barber, Segatto, Hoffee, Wilke & Cate, LLP, and pursuant to the Court's Order of September 20, 2016, files its First Amended Complaint against Defendant UNION PACIFIC RAILROAD COMPANY, and states as follows:

1.    Plaintiff, Isringhausen Imports, Inc. (Isringhausen), is an Illinois corporation with its principal place of business at 229 East Jefferson, Springfield, Illinois 62701.

2.    Defendant, Union Pacific Railroad Company (UP), is a Utah corporation which does business in the State of Illinois, including by operating a railroad along Third Street in Springfield, Illinois.

3.    On March 11, 2004, the parties entered into a lease of a 7,550 sq. ft. parcel of Third Street between Washington and Jefferson Streets, lying adjacent to Isringhausen's facility. A copy of this Lease is attached hereto as Exhibit A.

4.    The purpose of the lease was to allow Isringhausen to park vehicles on the parcel and use the parcel for ingress and egress to Isringhausen's facility.

NO. 3:16-cv-3160

5. At the time the lease was entered, UP was under the belief that it had the exclusive right to possession of the parcel, and as a result of that belief required Isringhausen to pay rent in order for Isringhausen to use the parcel in the manner described above.

6. At the time the lease was entered, Isringhausen was under the belief that UP owned the subject parcel or otherwise had the exclusive right to possession of the parcel, because UP required Isringhausen to pay rent in order for Isringhausen to use the parcel in the manner described above. Indeed, the Sangamon County Assessor listed the parcel under the name of the railroad, both at the time the lease was entered and at all times since.

7. The initial rental under the lease was $750.00 per month.

8. Since March 11, 2004 and up until September 30, 2015, Isringhausen paid rent to UP under the lease or renewals thereof, in increasing monthly amounts. During that time, Isringhausen paid a total of $123,116.00 in rent to UP under the lease.

9. On September 15, 2015, UP sent Isringhausen a proposed new lease agreement for $1,385.00 per month. In addition, UP advised Isringhausen that it needed to rent that part of Third Street in the next block to the north of Jefferson (between Jefferson and Madison), lying adjacent to Isringhausen's facility.

10. In October, 2015, as a result of an investigation into the original 1851 City of Springfield grant of right of way to the railroad, Isringhausen learned that UP did not in fact have the exclusive right to possession of the parcel, and therefore had no right to charge rent for its use by Isringhausen.

NO. 3:16-cv-3160

(a) The City of Springfield passed "An Ordinance in Relation to the Railroad on Third Street" on March 20, 1851, a copy of which is attached hereto as Exhibit B (page 1). The ordinance grants a right of way to the Alton and Sangamon railroad company, UP's predecessor in interest. The ordinance states that the right of way excludes a strip 10 feet wide on each side of Third Street.

(b) Subsequent ordinances first passed in 1865 provided that all railroads making use of streets in the City of Springfield were required to leave open and unobstructed for public access those parts of the street on either side of the railroad tracks. An example of such subsequent ordinances is "An Ordinance in Relation to Railroads" passed October 2, 1865, a copy of which is attached hereto as Exhibit B (page 2).

11. Isringhausen contacted UP with this information, and requested that UP return the rent it had wrongfully received from Isringhausen. UP refused to do so, continuing to assert that it had the right of exclusive possession.

12. The lease is voidable because of the parties' mutual mistake as to a basic and material contract assumption – that UP had the right to exclusive possession of the parcel and was therefore entitled to rent for Isringhausen's use of it.

13. Mistakes as to the title to property or particular property rights are mistakes of fact.

14. As a result of the foregoing and in order to return the parties to the status quo, UP should be ordered to return all sums paid by Isringhausen to UP, together with interest on such payments as provided in the Illinois Interest Act, 815 ILCS 205/0.01 *et seq.*

Case No. 3:16-cv-3160

WHEREFORE, Plaintiff ISRINGHAUSEN IMPORTS, INC. requests judgment against Defendant UNION PACIFIC RAILROAD COMPANY in the amount of $123,116.00, together with interest as provided by statute and for such further relief as the Court deems just.

ISRINGHAUSEN IMPORTS, INC., an Illinois corporation, Plaintiff

By   /s/ R. Kurt Wilke
      One of its Attorneys

R. Kurt Wilke - 06190769
Barber, Segatto, Hoffee, Wilke & Cate, LLP
831 E. Monroe St., P.O. Box 79
Springfield, IL 62705
217/544-4868
wilke@barberlaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney licensed to practice in the State of Illinois, hereby certifies that a copy of the foregoing instrument was served by mail on the following:

> Mary Bonacorsi
> Thompson Coburn LLP
> One U.S. Bank Plaza
> St. Louis, MO 63101

by enclosing same in an envelope with postage prepaid and depositing it in the U.S. Mail at Springfield, Illinois, on the 6th day of October, 2016.

/s/ R. Kurt Wilke

260674